## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 21 2016, 8:41 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Philip R. Skodinski
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Darren A. Mallett, *Appellant-Defendant,* | December 21, 2016 |
| v. | Court of Appeals Case No. 71A03-1606-CR-1314 |
| | Appeal from the St. Joseph Superior Court |
| State of Indiana, *Appellee-Plaintiff* | The Honorable John M. Marnocha, Judge |
| | Trial Court Cause No. 71D02-1507-F6-448 |

**Crone, Judge.**

# Case Summary

[1] Darren A. Mallett challenges the sufficiency of the evidence to support his convictions for level 6 felony operating as a habitual traffic violator ("HTV") and level 6 felony operating while intoxicated ("OWI") with a prior OWI conviction. Finding the evidence sufficient to support his convictions, we affirm.

# Facts and Procedural History

[2] The facts most favorable to the verdicts are as follows: Just after midnight on July 6, 2015, Indiana State Police Sergeant Jeffery Dolson observed a disabled vehicle parked in the roadway on the Indiana Toll Road exit in St. Joseph County. He stopped to offer assistance and found Mallett standing outside the driver's door, talking on a cell phone. Another man, Kenneth Hilton, was seated in the front passenger's seat. Mallett told the sergeant that his wife was bringing him transmission fluid. During the exchange, Sergeant Dolson noticed that Mallett showed signs of intoxication, including slurred speech, bloodshot eyes, and the odor of an alcoholic beverage. When asked for his driver's license, Mallett produced an identification card. The sergeant entered Mallett's information into the computer and discovered that his license was suspended based on his status as a habitual traffic violator. Mallett asked the sergeant to just let him go home and explained that "the only reason [he] was driving was because [he] was better off than [Hilton] was." Tr. at 61. The

vehicle was found to be registered to Mallett's longtime girlfriend, whom he had referred to as his "wife." *Id.* at 60, 117.

[3] Sergeant Dolson arrested Mallett on the basis of driving while suspended, and when he explained the situation to Hilton, he noticed that Hilton also exhibited signs of intoxication. Hilton did not dispute the sergeant's assertions that Mallett had been driving. A search of the vehicle produced a plastic cup containing alcohol, unopened beers, and several empty beer cans. Mallett refused field sobriety tests and a chemical breath test. He was arrested and taken to jail, where his blood alcohol concentration was 0.208.

[4] The State charged Mallett with Count I – class C misdemeanor OWI and Count II – level 6 felony operating as an HTV. The State subsequently added Count III – level 6 felony OWI, based on Mallett's 2011 OWI conviction. A jury found Mallett guilty of Counts I and II, and he waived jury trial on Count III. The trial court found him guilty on Count III and entered judgment on Counts II and III. Mallett now appeals.

# Discussion and Decision

[5] Mallett maintains that the evidence is insufficient to support his convictions. When reviewing a challenge to the sufficiency of evidence, we neither reweigh evidence nor judge witness credibility. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). Rather, we consider only the evidence and reasonable inferences most favorable to the verdict and will affirm the conviction "unless 'no rational fact-finder' could find the defendant guilty beyond a reasonable doubt." *Tuggle v.*

*State*, 9 N.E.3d 726, 736 (Ind. Ct. App. 2014), *trans. denied*. It is therefore not necessary that the evidence "overcome every reasonable hypothesis of innocence." *Drane*, 867 N.E.2d at 147 (citation omitted).

[6] Mallett was convicted of operating as an HTV and OWI, both as level 6 felonies.[1] He asserts that the State failed to establish beyond a reasonable doubt that he, not Hilton, was the driver of the vehicle. In addition to his self-serving assertions to this effect, he cites as support Hilton's trial testimony that Hilton was the driver and that the reason Sergeant Dolson found Hilton in the passenger's seat was that he had been outside the vehicle before the officer's arrival and had merely re-entered the vehicle to stretch out in the passenger's seat. Mallett characterizes this testimony as uncontroverted yet disregards Sergeant Dolson's trial testimony that Mallett had admitted to him at the scene, "[T]he only reason I was driving was because I was better off than [Hilton] was." Tr. at 61. He also disregards evidence that the vehicle was registered to his "wife" and that when Sergeant Dolson explained the situation to Hilton at the scene, Hilton did not dispute the sergeant's assertion that Mallett was the driver. *Id*. at 57, 60. We remind Mallett that we may neither reweigh evidence nor judge witness credibility, and we must decline his invitation to do so. The

---

[1] *See* Ind. Code § 9-30-10-16(a)(1) (person who unlawfully operates motor vehicle after having his Indiana driving privileges validly suspended as habitual traffic violator by the bureau of motor vehicles and operated motor vehicle when he knew he was suspended as HTV commits level 6 felony operating as HTV); *see also*, Ind. Code § 9-30-5-3(a)(1) (person who unlawfully operates motor vehicle while intoxicated after having been convicted within immediately preceding five years of OWI commits level 6 felony OWI).

probative evidence most favorable to the verdicts is sufficient to establish that Mallett was the driver of the vehicle. Accordingly, we affirm his convictions.

[7] Affirmed.

Riley, J., and Altice, J., concur.